COMMONWEALTH *vs.* LAWRENCE E. STONE. January 28, 1976. The defendant was held in contempt for refusing to answer questions put to him before a grand jury in Hampden County after he had been granted immunity from prosecution with respect to the violation of certain gaming laws. See G. L. c. 233, §§ 20C-20I. Sentence has been stayed pending his appeal, which we transferred here on our own motion. The defendant has been indicted by a grand jury of the United States District Court, District of Massachusetts, and the indictment is still pending. He argues that he has a right under the Fifth Amendment to the Constitution of the United States not to answer the questions put to him until such time as the Federal indictment is disposed of. It appears that indictment charged the defendant with making a false application for a credit card with the purpose of influencing the granting of credit to him by a bank insured by the Federal Deposit Insurance Corporation. The Commonwealth replies that nothing which the defendant, as an immunized witness, may say before the Hampden County grand jury may be used against him in the Federal proceeding and that, therefore, the defendant has no constitutional right to decline to answer the questions put to him before the Hampden County grand jury. The Commonwealth's argument is correct. *Murphy* v. *Waterfront Comm'n of N.Y. Harbor,* 378 U.S. 52, 79 (1964). The Federal prosecutor will have "the affirmative duty to prove that the evidence [he] proposes to use [against the defendant] is derived from a legitimate source wholly independent of the compelled testimony" before the Hampden County grand jury. *Kastigar* v. *United States,* 406 U.S. 441, 460 (1972). Thus, there was no error in the judge's denial of the defendant's motion to continue the contempt proceeding until after disposition of the Federal charge.

*Judgment affirmed.*

*Bernard Manning,* Assistant Attorney General, for the Commonwealth.

*Edward L. Donnellan,* for the defendant, submitted a brief.